Henderson, Judge,
 

 delivered the opinion of the Court.
 

 Lands covered by navigable waters are not subject to entry, under the entry law of
 
 1777,
 
 not by any express prohibition in that act, but being necessary for publick purposes as common highways for the convenience of all, they are fairly presumed not to have been within the intention of the Legislature. But when the cause of that exemption ceased to operate, the exemption itself ceased j and they, like the other vacant lands of the State, became the subject of entry.
 

 The next objection is, that the description contained, in the Defendants’ patent, covers the whole of
 
 Betsy’s Marsh
 
 or
 
 Island,
 
 notwithstanding the particular description given of the abuttals and boundaries of the grant. This would be to deny to the particular description its legitimate office : for it is the object of a particular description to designate with more certainty and precision what the parties suppose to be vague and ambiguous in the general one. The only limitation or restriction is.
 
 *230
 
 that it must not totally contradict it. Its identity should be plain and capable of ascertainment. In this case, it restrains the general description to natural boundaries ; an(j ^independent of the parol evidence) upon the situation of those natural boundaries being shewn, the general description would be limited and confined to them. But the parol evidence which is offered in its support, is not contrary to the grant, but in affirmance of it, and points out very clearly the reason why the particular description was introduced, to-wit, the ambiguity (as to their opinion of the extent of
 
 Betsifs
 
 Island) which a location of the patent upon the lands would produce. And although I am not satisfied with that part of the charge of the Court, which informs the Jury, that if they believe it the intention of the surveyor not to include the lands in controversy within the Defendants survey, that they would not be included contrary thereto $ for it is not the
 
 presumed or probable intent
 
 of the surveyor or the parties which should govern the Court or Jury in ascertaining the bounds of a patent, but the actual description given in the survey or grant: yet, as the verdict is right upon the whole of the evidence, and every part thereof, it would be useless to award a new trial, for the result must be the same. As to the evidence given of the meaning of the word
 
 Marsh,
 
 it may be observed that the meaning of words which are peculiar to a particular part or section of the country, may be shewn by witnesses, but not so as to words in general use throughout the State. They must be understood alike in all places. This being a word in general use, cannot have a local or sectional meaning put upon it by parol testimony.